IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES A. KNIGHT, )
)
      Appellant, )
)
  v. ) No. 11 C 1815
)
BANK OF AMERICA, N.A., et al., )
)
      Appellees. )

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant James A. Knight's (Knight) appeal from the ruling of the bankruptcy court in bankruptcy case number 10-19019. For the reasons stated below, this court affirms the bankruptcy court.

### BACKGROUND

Knight was the former principal owner, Chief Executive Officer, and Chairman of the Advisory Board for Knight Industries I, L.L.C (Knight Industries), which is a holding company owning equity interests in Knight-Celotex, L.L.C. (Knight-Celotex) (collectively referred to as "Debtors") and other entities. Debtors have allegedly defaulted on $34 million in financing obligations owed to Appellee

1

Bank of America, N.A. (BOA).  Both Debtors and Knight have filed for bankruptcy.

Appellee Barry A. Chatz (Trustee) was appointed as the Chapter 7 trustee for the Debtors.  In a letter dated December 29, 2009, the Trustee and BOA sent letters to Knight contending that Knight, in his capacity as an officer, director, and controlling member of Debtors, violated securities laws, engaged in fraudulent and/or preferential transfers of assets, breached his fiduciary duties, and committed other misconduct. (Letters).  After receiving the Letters Knight filed for personal bankruptcy under Chapter 7 in the United States Bankruptcy Court for New Hampshire.  The case was transferred to the bankruptcy court in this district.   Knight scheduled the claims alleged in the Letters (D&O Claims) on his bankruptcy schedules.  The bankruptcy court appointed the Trustee, who was handling the corporate bankruptcy of Debtors, to also act as trustee of Knight's personal estate.

On November 3, 2010, the Appellees filed a joint motion (Claims Assignment Motion) to obtain the bankruptcy court's approval of their agreement to allow the Trustee to assign certain claims to BOA.  The Trustee contended that he possessed certain claims, including claims against Knight.  Knight filed an objection to the Claims Assignment Motion, arguing that the Trustee had previously indicated that he had no claims against Knight.  Knight further argued that the motion should be denied based on the doctrine of judicial estoppel.

Knight argued that earlier in his personal bankruptcy proceedings, the Trustee sought approval from the bankruptcy court to retain the law firm of Freeborn & Peters LLP (F&P). Knight contended that as part of F&P's retention in Knight's personal bankruptcy proceedings, F&P indicated in a statement and supplemental statement that it had no claim against any of the parties in the bankruptcy proceedings. Knight argued that such a statement by F&P also meant that the Trustee had no claims against Knight. Knight argued that the Trustee could not assign claims to BOA because the Trustee, through F&P, had already represented that it had no claims against Knight. On January 26, 2011, the bankruptcy court granted the Claims Assignment Motion. Knight appeals the bankruptcy court's ruling on the Claims Assignment Motion.

**LEGAL STANDARD**

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. 28 U.S.C. § 158. On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)(stating that the court "review[s] the bankruptcy court's determinations of law

3

*de novo* and findings of fact for clear error," but "where the bankruptcy code commits a decision to the discretion of the bankruptcy court, we review that decision only for an abuse of discretion"); *see also In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997)(stating that a "bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*"). Where there are mixed questions of law and fact, the district court conducts a *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

**DISCUSSION**

Knight argues that the bankruptcy court erred, contending that the court applied the wrong legal standard. Knight also argues that the bankruptcy court erred by concluding that the Trustee was not judicially estopped from asserting any claims against Knight.

I. Use of Proper Legal Standard

Knight contends that the bankruptcy court judge abused her discretion by relying on the wrong legal standard. Knight contends that the bankruptcy judge erred: (1) by relying on irrelevant factors, (2) by concluding that the trustee was not bound by the doctrine of judicial estoppel, and (3) by refusing to address the issue of

4

disinterestedness.  A court has not abused its discretion unless: "(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary." *Gile v. United Airlines*, 95 F.3d 492, 495 (7th Cir. 1996).

### A.  Factors Relied Upon By Bankruptcy Court

Knight argues that the bankruptcy court made references to matters that Knight believes were irrelevant to the court's judicial estoppel analysis.  For example, Knight points out that the bankruptcy court made a reference to the fact that there was an alternate basis for relief available.  However, the mere fact that the bankruptcy court noted certain facts does not mean that the court failed to properly consider the appropriate standard for the doctrine of judicial estoppel.  The bankruptcy court was not required to specifically address each factor it considered in making its ultimate ruling.  As Appellees correctly pointed out, prior to the hearing on Knight's objection, the parties extensively briefed the judicial estoppel doctrine issue and there is no indication that the court failed to consider the proper standard.  The filings by the Trustee himself before the bankruptcy court acknowledged the same factors presented by Knight.  (Trust. CAM Reply 8).  In fact, the transcript of

the hearing on Knight's objection indicates that the bankruptcy court was not seeking to provide an exhaustive recitation of the factors and parties' positions and was ruling based upon the written filings by the parties.

Nor is the three-element standard cited by Knight even a definitive exhaustive standard mandated in every instance that the doctrine of judicial estoppel is considered. In *New Hampshire v. Maine*, 532 U.S. 742 (2001), which Knight cites in support of his position, the Court specifically indicate that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle" and the court indicated factors that "typically" and "regularly" are of assistance in determining whether the doctrine should be applied. *Id.* at 743 (internal quotations omitted)(quoting *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir. 1982)). Thus, even though there is no indication that the bankruptcy court failed to consider the factors referenced in *New Hampshire*, the court was not mandated to do so.

The fact that the bankruptcy court took note of certain additional factors was in no way improper, particularly considering the fact that the doctrine of "[j]udicial estoppel is an equitable doctrine" and thus the equities must also at least be given some consideration. *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). Knight has not cited any caselaw that holds that a court should apply an equitable

doctrine in a vacuum without considering all the circumstances that would relate to the equities in the case. Knight has not shown that the bankruptcy court gave any undue weight to any additional facts considered by the court in rendering its decision or engaged in a "wholesale substitution of underlying law" as Knight contends. (Appellant Br. 10). Knight attempts to take statements made by the bankruptcy court out of context and speculates that the court did not apply the proper standard, but Knight has failed to show that the court made any such error.

### B. Binding Effect of Doctrine on Trustee

Knight contends that the bankruptcy court erred, arguing that the court improperly concluded that the Trustee was not bound by the doctrine of judicial estoppel. Knight, however, fails to point to any statement made by the bankruptcy court indicating that the court believed that the Trustee was immune to the doctrine of judicial estoppel. (Appellant Br. 8-9). Based on the lack of any reference to the record, it appears that Knight's argument is based on nothing more than his speculation. The Trustee did not argue in its briefs before the bankruptcy court that it was immune to the doctrine of judicial estoppel and, in fact, the Trustee cited the same factors presented by Knight. (Trust. CAM Reply 8). To the extent that the bankruptcy court commented on the potential harm to certain creditors, as indicated

7

above, nothing barred the bankruptcy court, for example, from taking note of the impact that the application of the doctrine of judicial estoppel would have on the creditors of Debtors. *See Biesek*, 440 F.3d at 413 (stating that a court can, in evaluating the equities consider whether its application will "have adverse effects on third parties" such as "the creditors"). Thus, Knight has not shown that the bankruptcy court concluded that the Trustee was immune to the doctrine of judicial estoppel.

### C. Consideration of Disinterestedness

Knight argues that the bankruptcy court did not apply the proper standard because, in Knight's view, the court did not consider the issue of disinterestedness. Knight contends that the court avoided the disinterestedness issue by referencing remedies that were available to Knight other than the doctrine of judicial estoppel. However, the bankruptcy court properly acknowledged that remedies, other than judicial estoppel, exist if disinterestedness is not found. (1/25/11 Hr. 3). For example, if disinterestedness is not found, the denial of fees may be appropriate. (1/25/11 Hr. 3). Pursuant to 11 U.S.C. § 328(c), a "court may deny allowance of compensation for services and reimbursement of expenses of a professional person. . . if, at any time during such professional person's employment . . ., such professional

person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." *Id.* The record clearly reflects that the bankruptcy court was aware of F&P's involvement in the personal and corporate bankruptcy proceedings and Knight has not shown that the bankruptcy court failed to consider the disinterestedness issue. Therefore, based on the above, Knight has failed to show that the bankruptcy court considered the wrong legal standard in ruling on the Claims Assignment Motion.

II. Application of Doctrine of Judicial Estoppel

Knight contends that the bankruptcy court erred in not denying the Claims Assignment Motion based on the doctrine of judicial estoppel. A court invokes the equitable concept of judicial estoppel at its discretion. *See, e.g., In re Airadigm Commc'ns*, 616 F.3d 642, 661 (7th Cir. 2010); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 887 (7th Cir. 2004). The doctrine of judicial estoppel serves to maintain the integrity of the judicial process. *In re Airadigm Commc'ns*, 616 F.3d at 661. Although there is no "formula for determining the applicability of judicial estoppel," factors that are generally considered are: (1) whether "a party's later position" is "clearly inconsistent with its earlier position," (2) "whether the party has

9

succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51.

A. Clearly Inconsistent Positions

Knight argues that the Trustee demonstrated clearly inconsistent positions in his retention of F&P as counsel for Knight's personal bankruptcy and in the subsequent Claims Assignment Motion. Knight argues that because F&P declared that it was a disinterested person in representing the Trustee for Knight's personal estate, the Trustee necessarily first held the position that he abandoned any claims against Knight. Appellees argue that the Trustee has never asserted any inconsistent position regarding the claims. Pursuant to 11 U.S.C. § 327(a), a trustee is authorized to employ professional persons "to represent or assist the trustee in carrying out the trustee's duties." *Id.* A Trustee may retain professional persons, such as attorneys, that do not "hold or represent an interest adverse to the estate, and that are disinterested persons." *Id.* A "disinterested person" is defined, in relevant part, in

Section 101(14) of the Code as a person that "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C).

In the instant action, Knight has not pointed to any statements made by the Trustee that were clearly inconsistent. F&P indicated that it did not hold a claim against Knight, but the Trustee did not indicate that it did not have a claim against Knight when F&P was retained. Knight argues that under the law if F&P represents the Trustee who has a claim against Knight, F&P could not have been a disinterested party and could not have been retained. However, Knight fails to cite any controlling precedent on that point. (Appellant Br. 12). Also, even if F&P's relationship with the Trustee required a consideration of the claims that the Trustee had against Knight, as the bankruptcy court properly pointed out, there was no direct adverse interest to Knight's personal estate based on the D&O claims because the recovery sought for the claims would be from insurance proceeds rather than Knights' personal estate. (1/25/11 Hr. 3).

Knight is seeking to employ the doctrine of judicial estoppel as a technicality to place an unfair burden on certain creditors, which is contrary to the very nature of an equitable remedy. Judicial estoppel is not properly invoked when the former

position "was the product of inadvertence or mistake; or where there is only an appearance of inconsistency between the two positions but both may be reconciled." *In re Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990). Furthermore, judicial estoppel should generally be applied only where "intentional self-contradiction" is used to obtain an unfair advantage in the court system. *Id*. at 641; *see also Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993)(stating that "[j]udicial estoppel is strong medicine, and this has led courts . . . to characterize the grounds for its invocation in terms redolent of intentional wrongdoing"). In the instant action, Knight has failed to point to any evidence that indicates that the Trustee intentionally took any inconsistent position. Although Knight now contends that he believed that the Trustee was abandoning all of his claims against Knight when the Trustee sought to retain F&P, the record does not indicate that Knight's belief was a reasonable one. The fact that there is no evidence of a clearly inconsistent position taken by the Trustee is well illustrated by the fact that Knight must resort to inferring some unspoken intent by the Trustee to abandon his claims from what Knight deemed the Trustee's silence as to its claims when F&P was retained. (Appellant Br. 13). The bankruptcy court thus properly concluded that there was no clearly inconsistent position taken by the Trustee.

### B. Understanding by Court

Knight argues that the bankruptcy court was somehow misled by the actions of the Trustee. There is no factual or legal basis for Knight's contention that the Trustee persuaded the bankruptcy court that the Trustee sacrificed his claims against Knight in order for F&P to be deemed a disinterested party. The record in fact reflects that the bankruptcy court was well aware of all aspects of the parties' claims, including the claims possessed by the Trustee. The bankruptcy court expressly acknowledged such claims in its opinion transferring venue of Knight's bankruptcy case, which was issued less than a month before the retention of F&P. *See In re Knight-Celotex, LLC*, 427 B.R. 697, 701-02 (Bankr. N.D. Ill. 2010). One important consideration for a judicial estoppel inquiry is whether, "in reaching its earlier decision, the court relied on the representation of the one against whom estoppel is asserted." *In re Airadigm Commc'ns*, 616 F.3d at 662. The bankruptcy court relied on F&P's disinterestedness in allowing F&P to be retained by the Trustee, but the record does not reflect that the court also relied at that time on the Trustee's waiver or abandonment of all claims he possessed against Knight's personal estate.

### C. Unfair Detriment

Knight argues that the Trustee took inconsistent position, which resulted in an unfair detriment to him. Knight contends that the Bankruptcy Code is intended to offer a person a fresh start and that the Trustee is seeking to circumvent that rule in now asserting that he has claims against Knight. However, the record clearly shows that since the mailing of the Letters, Appellees have represented that they have claims against Knight for serious alleged wrongdoing involving alleged fraudulent transfers of corporate funds. Nothing in the record indicates that the Trustee ever abandoned such claims or should have given Knight any reasonable basis to conclude that such claims were abandoned and behind him. Notions of justice and fairness would not be best served if an equitable doctrine can be employed by a party such as Knight as a technicality to try and avoid claims that clearly have not been abandoned. Thus, based on the above, Knight has not shown that any of the above three factors or any other consideration warranted applying the doctrine of judicial estoppel as advocated by Knight and Knight has not shown that the bankruptcy court erred in concluding that the Trustee was not barred under the doctrine of judicial estoppel from asserting claims against Knight.

III. Sound Business Judgment

Appellees argue that the bankruptcy court properly concluded that the proposed assignment of claims in the Claims Assignment Motion involved a sound business judgment on the part of the Trustee. Pursuant to 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." A trustee must exercise reasonable diligence to preserve and protect estate property. 11 U.S.C. § 704(a)(1). The record reflects that the decision by the Trustee to assign the claims to BOA demonstrates a sound business decision in order to preserve the Debtors' estate through efficient litigation. Therefore, based on the above, this court affirms the bankruptcy court.

## CONCLUSION

Based on the foregoing analysis, this court affirms the bankruptcy court.

 _____
 Samuel Der-Yeghiayan
 United States District Court Judge

Dated: October 18, 2011